

FILED

NOV 17 2009

CLERK, U.S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8

9

10

11

12

13

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

14

15

16

17

18

19

| | |
|---|---|
| LUIS IGNANCIO AVILA-GIL, | ) ) ) |
| Petitioner, | ) Cr. No.  07-0917GT ) Cv. No.  08-1893GT |
| v. | ) ) **ORDER** |
| UNITED STATES OF AMERICA | ) ) |
| Respondent. | ) ) ) |

20

21    On October 14, 2008, Petitioner, Luis Ignancio Avila-Gil ("Mr. Avila"), filed a Motion for

22  Reduction of Sentence, presumably pursuant to 28 U.S.C. § 2255. Mr. Avila requests a downward

23  departure based on his status as a deportable alien, which Mr. Avila asserts "should have been

24  considered as a mitigating factor" at his sentencing.  The Court has fully considered this matter,

25  including a review of Mr. Avila's brief filed, the authorities cited therein and the arguments

26  presented.   For the reasons stated below, Mr. Avila' Motion for Reduction of Sentence is

27  **DENIED**.

28  //

First, Mr. Avila pled guilty, pursuant to a written plea agreement, to two counts of illegal entry, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Avila explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable.   *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Avila expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Avila is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Avila had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Avila argues that because of his status as a deportable alien, he is "ineligible[] for pre-release custody and minimum security confinement." Mr. Avila argues that the Court should grant him a downward departure because of his status. However, Mr. Avila's argument that the Court should depart downward because he is a deportable alien is precluded by statute and current Ninth Circuit case law. By statute, the Court may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). Specifically, the Ninth Circuit has held that the threat of deportation is <u>not</u> a factor that the district court may consider for sentencing purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1] Accordingly,

//

//

//

---

[1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a deportable alien he is not eligible to spend the last six months of his sentence in a half way house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th Cir. 1996).

07CR0917

1  **IT IS ORDERED** that Mr. Avila's Motion to Modify Sentence is **DENIED.**

2  **IT IS SO ORDERED.**

3

4

5  *Nov. 16, 2009*
   date

6

7  cc:  AUSA Bruce Castetter

GORDON THOMPSON, JR.
United States District Judge

Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

07CR0917